UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOMINIC PIERRE
ALEXANDER, 1st,

    Plaintiff,

v.                                           Case No. 8:24-cv-1291-WFJ-NHA

UNITED STATES POSTAL
REGULATORY COMMISSION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

I recommend that the District Court deny Plaintiff's amended motion to proceed without prepaying the filing fee (Doc. 10) and dismiss this case without prejudice, because Plaintiff has neither paid the filing fee nor demonstrated that he cannot afford to do so.

### Background

Plaintiff Dominic Alexander, who is not represented by an attorney, filed an action against Defendant United States Postal Regulatory Commission, alleging Defendant violated a variety of federal criminal statutes. Doc. 1, p. 4 (listing various statutes in Title 18 of the United States Code, without any facts, as the "statement of claim"). Along with his complaint, Plaintiff filed a motion to proceed without paying the Court's filing fee. Doc. 2. But, rather than

provide the information necessary for the Court to determine whether he could afford to pay the fee, Plaintiff answered the majority of the financial questions with "N/A – 4th Amendment," or a reference to Article 1 of the Florida Constitution and the assertion that "I AM NOT OBLIGATED TO DISCUSS PRIVATE INFO." Doc. 2, p. 2.

The Court denied the motion without prejudice, explaining that, "to determine whether Plaintiff can proceed without pre-paying the filing fee, the Court must understand his income, assets, debts, and living expenses." Doc. 7, p. 2. The Court offered the Plaintiff the option of providing the necessary financial information or, alternatively, paying the filing fee. *Id.*, pp. 2–3. Plaintiff was warned that, if he failed to submit either the financial information or the fee, I could recommend dismissal without further notice. *Id.*, p. 3.

Plaintiff then submitted an amended motion to proceed without prepaying the filing fee. Doc. 10. However, rather than providing answers responsive to the questions about his financial means, Plaintiff again answered most of the financial questions with "N/A 4th Amendment," or a reference to Article 1 of the Florida Constitution and the assertion that "I AM NOT OBLIGATED TO DISCUSS PRIVATE INFO." Doc. 10.

Legal Authority

A court may authorize suit "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." 28 U.S.C. § 1915. "There is no absolute right to be allowed to proceed [without pre-paying fees] in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). A person seeking to sue without payment must show that he, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).

Analysis

Plaintiff has never provided the information the Court needs to determine whether he is eligible to proceed without paying the Court's filing fee. Neither of Plaintiff's motions (Docs 2, 10) provide the necessary insight, but instead suggest that Plaintiff feels he is not obligated to divulge his financial information. *See* Doc. 2, pp. 1–2. This may be true in most circumstances, but not when he seeks a privilege afforded only to those who demonstrate their financial eligibility for it. Plaintiff's additional filings, which appear to articulate the rights of what he refers to as "Moor-Americans" of

3

"Northwest Amexem," likewise fail to provide information suggesting that he is entitled to proceed without payment. Doc. 5; Doc. 6.

As the Court previously explained, "to determine whether Plaintiff can proceed without pre-paying the filing fee, the Court must understand his income, assets, debts, and living expenses. Plaintiff's filings simply provide no insight into his ability to pay the fee." Doc. 7, p. 2. After his initial motion to proceed without prepayment, the Court ordered Plaintiff to (a) fully complete an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)," or (b) pay the filing fee to proceed in this case. *Id.* at p. 3. He did neither. Instead, Plaintiff filed an amended form that continued to withhold the requested information Doc. 10. And, he has failed to pay the filing fee. Thus, the Court cannot determine whether Plaintiff can afford the filing fee and cannot authorize his lawsuit to move forward without prepayment.

A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahasse Police Dep't*, 205 Fed. App'x. 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). And Federal Rule of Civil Procedure 41(b) expressly permits the Court to dismiss an action when a plaintiff fails to prosecute it or fails to abide by a court order, after giving notice to the plaintiff that it intends to do so.

Here, the Court's prior order warned that Plaintiff's failure to either pay the filing fee or fully complete a financial affidavit could result in dismissal of his case. Doc. 7, p. 3. Plaintiff has not paid the filing fee, and refuses to submit a complete financial affidavit. Given that Plaintiff has failed to prosecute his case and failed to abide by the Court's Order (Doc. 7), dismissal pursuant to Federal Rule of Civil Procedure 41(b) is appropriate.

## Conclusion

For these reasons, I RECOMMEND Plaintiff's motion to proceed without pre-paying the filing fee (Doc. 10) be denied, that Plaintiff's Complaint (Doc. 1) be dismissed without prejudice, and that the Clerk be directed to terminate any pending motions and close the case.

SUBMITTED to the District Court on July 11, 2024.

_NATALIE HIRT ADAMS_
NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts

from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.